**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-11-657 |
| | § | |
| JASON DEL MULDER | § | |

**MEMORANDUM AND ORDER**

This criminal prosecution is before the Court on the Motion to Withdraw Plea ("Motion") [Doc. # 51] filed by Defendant Jason Del Mulder, to which the United States filed a Response [Doc. # 56]. As explained below, the Motion is **denied**.

**I.   BACKGROUND**

Defendant was charged by Indictment [Doc. # 1] with three counts of distribution of child pornography and one count of possession of child pornography. On January 9, 2012, Defendant entered a plea of guilty pursuant to a written Plea Agreement [Doc. # 20] to one count of distribution of child pornography. On July 24, 2012, Defendant was sentenced to a term of imprisonment of 110 months. The Judgment in a Criminal Case [Doc. # 47] was entered July 27, 2012.

On February 22, 2014, Defendant filed a Motion to Withdraw Plea dated February 19, 2014. Defendant states that his guilty plea was "not knowingly and intelligently entered as, among other things, counsel was ineffective in that counsel

had no legal knowledge regarding the operation of the Government's EP2P software and could not therefore, inform defendant regarding the waiver of his constitutional rights." Motion, p. 1. Defendant asserts the following "facts" in support of his Motion:

> (1) The interception of electronic communications as an investigative technique is governed by the Constitutional Authority granted Congress under the Postal Laws of the Commerce Clause.
>
> (2) Counsel was ineffective in that he lacked knowledge of how the Government's "Enhanced" Peer-to-Peer software was being used to conduct surveillance in defendant's case and if a warrant was or wasn't needed to do so.
>
> (3) The Government violates the Fourth Amendment provision for searches and seizures when they hack into a[n] online user's network connection and gather information by opening closed files and inspecting the contents of files on a computer hard-drive by entering and occupying an area on defendant's computer not explicitly or implicitly permitted by the homeowner.
>
> (4) A Wi-Fi Communication is sufficiently inaccessible that they do not constitute an "electronic communication," as defined in 18 U.S.C. § 2511(2)(g)(i), as the phrase "readily accessible to the general public" is ordinarily understood.

Motion, pp. 1-2.

Defendant asks the Court to allow him to withdraw his guilty plea, to appoint "counsel with knowledge of the government's software," and that he "be given an evidentiary [hearing] to determine if constitutional rights were violated in order to get

defendant to enter into his current plea agreement." *Id.* at 18. The Motion to Withdraw Plea is now ripe for decision.

## II.   WITHDRAWAL OF GUILTY PLEA

Defendant was sentenced on July 24, 2012, and the Judgment in a Criminal Case was entered July 27, 2012. "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." FED. R. CRIM. P. 11(e). Defendant did not pursue a direct appeal of his conviction and sentence, and he has not filed a collateral attack pursuant to 28 U.S.C. § 2255. As a result, Defendant may not withdraw his guilty plea post-sentencing.

## III.   CONSTRUING MOTION AS MADE PURSUANT TO 28 U.S.C. § 2255

If the Court were to construe the Motion to Withdraw Plea as a motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), it would be denied as untimely.[1] A § 2255 motion must be filed within one year from the latest of the following four dates:

(1)   the date on which the judgment became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1]Additionally, Defendant waived his right to collateral review. *See* Plea Agreement, p. 4.

> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). In this case, Defendant did not pursue a direct appeal. Therefore, his conviction and sentence became final at the expiration of the time for direct appeal, which was fourteen (14) days after entry of the Judgment in a Criminal Case. The Judgment was entered July 27, 2012, and the deadline for the Notice of Appeal was August 10, 2012. One year after that date was August 10, 2013. Because that date was a Saturday, the deadline for Defendant's § 2255 Motion was August 12, 2013. The pending Motion was dated February 19, 2014, and was filed February 24, 2014. Because it was filed beyond the one-year limitation period, the Motion to Withdraw Plea, even if treated as a § 2255 Motion, was untimely.

In "rare and exceptional circumstances" th one-year limitation period can be equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "Equity is not intended for those who sleep on their rights," and thus "[t]o establish his entitlement to equitable tolling, a petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland*,

560 U.S. at 649; *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012) (internal quotation marks and citations omitted).  The requirement is "reasonable diligence," not "maximum feasible diligence."  *Holland*, 540 U.S. at 653.  Generally, equitable tolling should apply only where the petitioner is actively misled by the government or "is prevented in some extraordinary way from asserting his rights."  *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (internal quotation marks and citations omitted).  Defendant has failed to allege or present evidence of exceptional circumstances that would support equitable tolling in this case.

## IV.     CONCLUSION AND ORDER

Defendant cannot withdraw his guilty plea after sentencing.  Construing his Motion to Withdraw Plea as a § 2255 Motion, it is untimely.  As a result, it is hereby

**ORDERED** that Defendant's Motion to Withdraw Plea [Doc. # 51] is **DENIED**.

Signed at Houston, Texas, this **10th** day of **April, 2014.**

_____
Nancy F. Atlas
United States District Judge